UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

ALYXANDRIA POITIER,

    Plaintiff,

vs.

RECOVERY BY THE SEA, LLC,
A Florida Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, ALYXANDRIA POITIER, by and through her undersigned attorney, alleges the following against Defendant, RECOVERY BY THE SEA, LLC, a Florida Limited Liability Company, and states, to wit:

### INTRODUCTION

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.), alleging race and pregnancy discrimination in employment and for retaliation.  The jurisdiction of this Court is invoked to secure protection of and redress the deprivation of rights guaranteed by federal law involving discrimination in employment.

### JURISDICTION AND VENUE

3. This is an action which arises under Title VII of the Civil Rights Act of 1967, as amended, (42 U.S.C. § 2000e, et seq.).

4. Jurisdiction is founded on 42 U.S.C. § § 2000e-5(f)(3), and 28 U.S.C. § 1331 (Federal Question).

5. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. § § 2000e-5(f)(3), Title VII "Venue"; and 28 U.S.C. § § 1391(b) and ( c) (Venue generally).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff, ALYXANDRIA POITIER, timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant, RECOVERY BY THE SEA, LLC.  Plaintiff, ALYXANDRIA POITIER, received a Notice of the Right to Sue from EEOC within ninety (90) days of the filing of this Complaint.  A copy of the Right to Sue Notice Letter from the EEOC is attached as Exhibit "1".

## PARTIES

7. At all times material to this action, Plaintiff, ALYXANDRIA POITIER, (Hereinafter, "Employee" or "Poitier"), is/was a resident(s) of St. Lucie County, Florida, is over the age of 18, and is otherwise sui juris.

8. At all relevant times, Defendant, RECOVERY BY THE SEA, LLC, is a Florida limited liability company, located in Martin County, Florida.

9. Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant, RECOVERY BY THE SEA, LLC, [Hereinafter, "Employer" or "RBS"], was/is engaged in an industry affecting commerce.

11. At all relevant times, Defendant, RBS, employed Plaintiff, Poitier, within the meaning of 42 U.S.C. § § 2000e-(b).

12. Defendant, RBS, engaged in policies and practices which are/were willfully, intentionally and unlawfully discriminatory against Plaintiff on the basis of her race (Bi-Racial/Black & White) and her pregnancy.

13. Plaintiff Poitier is a Bi-Racial (Black & White) female protected under Title VII (42 U.S.C. § § 2000e-b).  Plaintiff's father is Black and her mother is White.

14. Defendant, RBS, is an employer within the meaning of Title VII (42 U.S.C. § § 2000e-b). Moreover, at all times material hereto, Plaintiff Poitier is employed by Defendant, RBS, as a full-time Behavioral Health Technician.  Plaintiff worked forty (40) hours at RBS' Martin County facility from week to week.

15. At all times material, Poitier was qualified for her position as a Behavioral Health Technician, and was performing her job satisfactorily.  Poitier's employment at RBS commenced March 15, 2018, and was compensated at an hourly rate of $13.00.  Upon a satisfactory completion of the ninety (90) day probationary period, Poitier received a $1.00, an hour, pay raise.

16. On July 16, 2018, Poitier had a doctor's appointment because she was not feeling well. RBS and Craig Devine, (Poitier's direct supervisor) permitted Poitier to go to her doctor's appointment during her (Employee's) shift.

17. When Poitier returned to RBS after her doctor's appointment, where she resumed her work duties for that day.  Once Poitier was back to work, supervisor Devine asked her how her visit to the doctor's had gone.

18. Poitier responded to Devine's question by stating that she had issues.  Poitier provided more details of her condition to Devine, telling him that she had pregnancy-related medical issues.

19. Devine responded by insulting Poitier, referring to Poitier's mother as "White Trash".

20. Poitier was deeply offended by Devine's referencing her mother as "White Trash", which could only be interpreted as a racial slur because her father was Black and her mother White.

21. Following Devine's racist statement, Poitier went to Cory Hannon, RBS' Operations Manager, to lodge a complaint against Devine.  In addition to filing a complaint against Devine, Poitier requested that Mr. Hannon change her shift because she did not desire to work with someone who was disparaging of her mother on account of race.

22. RBS complied with Poitier's request for a change to her shift so that she no longer would work under Devine's supervision.

23. RBS changed Poitier's shift by placing her under Jason Klinewski's supervision.

24. From that point on, the terms and conditions of Poitier's employment as an RBS Behavioral Health Technician adversely and materially changed:

    a. Poitier's work tasks were reduced;

    b. Poitier requested additional work but the requests were denied;

    c. Poitier, an RBS hourly employee, then had her work hours cut from 40 to 32 a week.

25. Poitier was in the first trimester of her pregnancy and because of pregnancy-related medical issues, she had doctor visits to attend.

Case 9:21-cv-80655-AMC Document 1 Entered on FLSD Docket 04/05/2021 Page 5 of 12

26. When Poitier attended a doctor's appointment, she provided RBS with a doctor's note that substantiated her appointment and the medical reasons for the appointment.

27. On August 3, 2018, Poitier went to her doctor for a regularly scheduled visit. Because she was having problems, her doctor placed her under the restriction of light duty work.

28. In addition, Poitier's doctor advised her not to return to work until August 4, 2018, one day after her appointment.

29. Following her doctor's appoint, Poitier contacted RBS to advise RBS of her doctor's order that she not return to work until August 4, 2018.

30. When Poitier contacted RBS on August 3, 2018, RBS became very upset and told Poitier not to return to work until August 7, 2018. In addition, RBS failed to provide Employee with a reasonable accommodation.

31. On August 8, 2018, Poitier's employment was terminated by RBS. RBS even disputed Poitier's claim for unemployment compensation which she ultimately won on appeal.

32. As direct result of these actions, Plaintiff has been caused to suffer loss of income, increased levels of stress, emotional and mental suffering.

33. RBS's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## RACE DISCRIMINATION

34. Plaintiff sues Defendant and re-alleges Paragraphs 1 through 33, as if fully incorporated therein by this reference.

35. This action is based upon Race and Color under Title VII.

36. RBS has fifteen (15) or more employees for each working day in each of the

Page 5 of 12

twenty or more weeks in calendar years 2016, 2017, 2018, and 2019, respectively.

37. Plaintiff is Bi-Racial, her father being Black and her mother White, and because of her mixed race status, she is a member of a protected group.

38. RBS has discriminated against Plaintiff on the basis of her Race and Color in matters of discipline, subjective decision-making policies, termination and other terms and conditions of employment, which have resulted in disparate impact and treatment of Plaintiff, including, but not limited to, engaging in the following conduct:

   a) telling Employee that her mother was "White Trash";

   b) reducing Employee's work tasks and giving Employee less work than she had before she complained about the racial slur made to her about her mother;

   c) reducing Employee's hours of work from 40 to 32, so that she, as an hourly employee, got 20% reduction in pay;

   d) extending Employee's medically related time off from one day to four;

   e) terminating Employee's employment on August 8, 2018.

39. RBS's actions and omissions discriminated against Plaintiff on the basis of her Race and Color in violation of the Title VII and the Civil Rights Act of 1991, by instituting and conducting a systematic pattern and practice of race discrimination in an effort to create a hostile working environment and resulting in Plaintiff's termination.

40. Plaintiff performed her job satisfactorily.

41. RBS treated similar-situated employees outside of the Plaintiff's protected class more favorably or less unfavorably.

42. RBS's conduct violated Title VII in that the Plaintiff was discriminated against on the basis of her Race and Color.

43. As a the direct and proximate result of the wrongful action of RBS's policies and

  practices regarding employment, Poitier was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly to suffer such losses in the future.

44. Because of such conduct, Poitier suffered severe emotional distress, embarrassment and humiliation.

45. RBS's actions were done maliciously and/or done with reckless indifference to Employee's federally protected rights.

  **WHEREFORE**, Plaintiff, ALYXANDRIA POITIER, prays that this Court:

a.  Advance this case on the docket;

b.  Issue a declaratory judgment that RBS's practices toward Poitier violated her rights under Title VII;

c.  Enjoin Employer, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race and color, which rights are secured by Title VII.

d.  Order Employer to remedy the racial discrimination against Poitier by: (1) Paying appropriate back pay; (2) Paying prejudgment interest; (3) Paying front pay in lieu of reinstatement; and (4) Providing any other relief that this Court deems appropriate.

e.  Enter a Judgment against Employer for Compensatory Damages;

f.  Enter a Judgment against Employer for punitive damages; and

    g.    Enter a Judgment against Employer, and a reasonable award of attorneys' fees pursuant to Title VII.

## COUNT II
## RETALIATION CLAIM

46. Employee Poitier sues RBS and re-alleges Paragraph 1 through 33, as if fully incorporated therein by this reference.

47. Employee filed a Complaint with RBS regarding concerns of the discriminatory practices engaged in by RBS Supervisor Craig Devine and Poitier openly opposed the discriminatory actions and treatment by Devine.

48. As a direct result of Employee's complaint to RBS, RBS did nothing to stop the racial slurs directly or indirectly, in retaliation for her open opposition and expression of concern regarding possible discriminatory practices by RBS.

49. As a direct result of Poitier's complaints and opposition to discrimination, she was disciplined, denied time off, her work hours reduced and ultimately terminated from her employment with RBS.

50. Poitier complained of a hostile work environment because of racial slurs directed at her about her mixed-race status by the her supervisor. Because of Poitier's complaint about the racial harassment, she was retaliated by her Employer.

51. Employer retaliated against Employee, who was paid hourly, by reducing her work schedule from 40 to 32.00 hours, per week.

52. Employer retaliated against Employee by refusing to give her work.

53. Employer retaliated against Employee by firing her.

54. Employer retaliated against Employee's complaining about racial discrimination by extending the period of medical-required time off from one (1) day to four (4) days which was unpaid to Poitier.

55. RBS violated Title VII in that RBS retaliated against Poitier for exercising her rights afforded her under Title VII.

56. Employer RBS violated Poitier's rights to the privilege of employment in violation of Title VII.

57. Employer RBS retaliated against Poitier for the exercise of federally protected rights by her which prohibited and discriminatory pursuant to Title VII.

58. As the direct and proximate result of the wrongful actions of RBS, Employee Poitier was caused to suffer lost wages, loss of future earning capacity, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These losses are continuing and Employee will continue to suffer such losses in the future.

59. Employer's actions were done maliciously and/or done with reckless indifference to the Employee's federally protected rights.

60. Because of such conduct, Employee Poitier suffered severe emotional distress, embarrassment and humiliation.

**WHEREFORE**, Plaintiff, ALYXANDRIA POITIER, demands judgment against the Defendant, RECOVERY BY THE SEA, for compensatory damages, in an amount not in excess of $300,000.00, in lieu of reinstatement, and demand of statutory interest, liquidated damages pursuant to 29 U.S.C.§626(b) costs, reasonable attorney's fees, and any other award the Court deems proper and fit.

## COUNT III
## PREGNANCY DISCRIMINATION

61. Employee sues Employer and re-alleges Paragraphs 1 through 33, as if fully incorporated therein by this reference.

62. In June 2018, Employee learned that she was pregnant.

63. Employee was subjected to adverse conditions in her employment because she had pregnancy-related medical issues that required her to appear periodically at medical appointments, that required her to take time off, that required her to perform only light duty work, and that required her to take frequent bathroom breaks due to her increased intake of fluids.

64. Because of Employee's pregnancy and the medical issues she had relating to her pregnancy, she was subjected to materially adverse action in her employment by:

   a) telling her that her mother was "White Trash" the moment she let her Employer know of her pregnancy;

   b) reducing Employee's work tasks and giving her less work than she had before she became pregnant;

   c) reducing Employee's hours of work from 40 to 32, so that she, as an hourly employee, got 20% reduction in pay;

   d) extending Employee's medically related time off from one day to four;

   e) terminating Employee on August 8, 2018;

   f) denying Employee's unemployment benefits claim, which she appealed and won.

65. Employer treated male Behavioral Health Technicians and female Behavioral Health Technicians who were not pregnant more favorably than Poitier.

66. Poitier demonstrated that she was qualified to do her job as a Behavioral Health Technician because she passed her 90-day probationary period. She got a raise to her pay from $13.00, to $14.00, an hour.

67. RBS's conduct violated Title VII in that the Employee was discriminated against on the basis of her pregnancy.

68. As a the direct and proximate result of the wrongful action of RBS's policies and practices regarding employment, Poitier was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly to suffer such losses in the future.

69. Because of such conduct, Poitier suffered severe emotional distress, embarrassment and humiliation.

70. RBS's actions were done maliciously and/or done with reckless indifference to Employee's federally protected rights.

   **WHEREFORE**, Plaintiff, ALYXANDRIA POITIER, prays that this Court:

   a. Advance this case on the docket;

   b. Issue a declaratory judgment that RBS's practices toward Poitier violated her rights under Title VII;

   c. Enjoin Employer, its employees and supervisory staff from continuing or maintaining the policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their race and color, which rights are secured by Title VII.

   d. Order Employer to remedy the racial discrimination against Poitier by: (1) Paying appropriate back pay; (2) Paying prejudgment interest; (3) Paying front pay in lieu of reinstatement; and (4) Providing any other relief that this Court deems appropriate.

   e. Enter a Judgment against Employer for Compensatory Damages;

      f.      Enter a Judgment against Employer for punitive damages; and

      g.      Enter a Judgment against Employer, and a reasonable award of attorneys' fees pursuant to Title VII.

### DEMAND FOR TRIAL BY JURY

Plaintiff, ALYXANDRIA POITIER, demands a trial by jury in all matters so triable.

Respectfully submitted on this 5th day of April, 2021.

**JAMES JEAN-FRANCOIS, P.A.**
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
Hollywood, FL 33024
Phone: (954) 987-8832
Fax:    (954) 987-2622
E-mail address:
(P)     *jamesjeanfrancoisesq@hotmail.com*
(S)     *jjonlaw@hotmail.com*

*James Jean-Francois /s/*
By: _____
**JAMES JEAN-FRANCOIS, ESQ**.
Fla. Bar # 0495115
Attorney for Plaintiff